# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO FARIAS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CARLYLE INVESTMENT MANAGEMENT, LLC, CPI/GV CRESTVIEW ESTATES OWNER, LLC, AND CPI/GV CRESTVIEW TRS, LLC,<br><br>　　　　　Defendants. | Case No.: 22-cv-1790-DMS-DDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim and lack of subject matter jurisdiction (ECF No. 4). Plaintiff filed an opposition (ECF No. 5), Defendant filed a reply (ECF No. 6), and Plaintiff filed a surreply (ECF No. 8)[1]. For the following reasons, Defendant's motion to dismiss is granted.

---

[1] Plaintiff did not seek leave of Court to file a surreply, and Defendants did not have an opportunity to respond to Plaintiff's surreply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (stating district courts have discretion to permit or preclude a surreply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (stating where new evidence is presented in a surreply "district court should not consider the new evidence without giving the [non]-movant an opportunity to respond") (quotation and citation omitted). Thus, the Court will not consider the contents of Plaintiff's surreply (ECF No. 8).

# I.
# BACKGROUND

At issue here is Defendants alleged theft of Plaintiff's mobile home and its contents, which included personal property, books, collections, and antiques. (ECF No. 1, Compl. at 4.) The mobile home was previously owned by Joseph St. Jean, a prior tenant in a mobile home park owned by Defendants. (Def. Mot. at 1.) Sometime around May of 2018, title to the mobile home was transferred from Mr. St. Jean to Plaintiff. (*Id.* at 2.) Plaintiff states he became the owner of the mobile home on November 21, 2018. (Compl. at 4.) Defendants contend Mr. St. Jean vacated the mobile home park, and thereafter the home remained vacant. (Def. Mot. at 1.) Defendants contend that after Mr. St. Jean's tenancy was terminated, Defendants sold the mobile home "at a public auction, pursuant to the applicable commercial codes." (*Id.* at 1.)

Defendants argue that prior to the public auction, Plaintiff received several notices required by law and was provided the opportunity to cure the deficiency in the amount of $9,792.51 and to remove the mobile home from the park. (*Id.*) Plaintiff alleges that "on about September, 2019," Defendants caused his mobile home to be removed from the mobile home park to Mexico. (Compl. at 4.) Based on these events, Plaintiff filed this suit alleging fraud and conversion of property.

# II.
# LEGAL STANDARD

**A. Subject Matter Jurisdiction**

A federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It possesses only that power authorized by the Constitution or a statute. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 535, 541 (1986). It is required to address issues related to federal subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing

independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 976 (9th Cir. 2012). A court has subject matter jurisdiction either through federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331-32. Diversity jurisdiction exists "where the amount in controversy exceeds the sum or value of $75,000 . . . and it is between citizens of different states." 28 U.S.C. § 1332(a)(1). Defendants challenge diversity jurisdiction on grounds that Plaintiff has not satisfied the amount in controversy requirement. The Court agrees.

## III.
## DISCUSSION

As noted, diversity jurisdiction requires that the amount in controversy exceed $75,000.00 and that the action be between citizens of different states. 28 U.S.C. § 1332(a). Plaintiff has sufficiently alleged diversity of citizenship based on the allegations that he is a citizen of California and Defendants are citizens of Delaware. This leaves the amount in controversy. "The amount in controversy is determined from the complaint itself." *Baker-Olson v. Olson*, No. 12-cv-2620, 2013 WL 5963094, at *3 (S.D. Cal. Nov. 7, 2013). It is unclear, based on Plaintiff's Complaint, whether the amount in controversy exceeds $75,000 as Plaintiff simply alleges "Defendant[s] theft and conversion of mobile home and entire contents inside mobile home that include valuable book collections, antiques." (Compl. at 4.)

The Complaint does not allege the value of the mobile home or its contents. However, in his opposition, Plaintiff states "[i]f my mobile home sold for $500, as Landskron's, I'm owed a large part of my mobile home's value and punitive damages for fraud that exceeds $75,000." (Pl. Oppo., ECF 5-1 at 24, ¶ 7.) Even with this assertion, the value of the mobile home remains unclear and there are no allegations in the Complaint regarding compensatory or punitive damages for fraud. Defendants maintain that when the mobile home was sold to the prior owner, Mr. St. Jean, it was a "depreciating asset" worth $7,796. (Def. Oppo. at 8.) Defendant's

3

further state that the mobile home and "all obligations entitled Defendants to a lien in the amount of $9,792.51." (*Id.*) Because Plaintiff has failed to adequately allege the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction.

## IV.
## CONCLUSION AND ORDER

For these reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Plaintiff may file an amended complaint within fourteen (14) days of this Order addressing the amount in controversy as well as his fraud and conversion claims, if he desires. The Court declines to further address Defendants' motion for failure to state a claim pending determination of whether the Court has jurisdiction over this matter.

**IT IS SO ORDERED.**

Dated: May 4, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court